**RECORD NO. 22-4110**

*In The*

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## ANTHONY RASHAD DAWSON,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH**

———————

**BRIEF OF APPELLANT**

———————

**Brian Michael Aus**
**BRIAN AUS, ATTORNEY AT LAW**
**Post Office Box 1345**
**Durham, North Carolina 27702**
**(919) 666-7690**

*Counsel for Appellant*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF JURISDICTION........................................................1

NATURE OF APPEAL ..........................................................................2

ISSUE PRESENTED ..............................................................................2

STATEMENT OF THE CASE................................................................3

      I.     FACTUAL BASIS FOR MR. DAWSON'S GUILTY PLEAS...........4

      II.    THE SENTENCING HEARING ......................................................8

SUMMARY OF THE ARGUMENT .....................................................11

ARGUMENT .........................................................................................12

     WHETHER MR. DAWSON IS ENTITLED TO HAVE HIS
     CONVICTIONS VACATED DUE INEFFECTIVE ASSISTANCE OF
     DEFENSE COUNSEL ...................................................................12

     A.    Standard of Review .............................................................12

     B.    Discussion ..........................................................................12

CONCLUSION......................................................................................15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Anders v. California*,
    386 U.S. 738, 87 S. Ct. 1396 (1967) ....................................................2, 11, 15

*McCoy v. Wisconsin*,
    486 U.S. 429, 108 S. Ct. 1895 (1988) ...........................................................11

*Padilla v. Kentucky*,
    559 U.S. 356, 130 S. Ct. 1473 (2010) ...........................................................13

*Penson v. Ohio*,
    488 U.S. 75, 109 S. Ct. 346 (1988) ...............................................................11

*Roe v. Flores-Ortega*,
    528 U.S. 470, 120 S. Ct. 1029 (2000) ...........................................................13

*Strickland v. Washington*,
    466 U.S. 668, 104 S. Ct. 2052 (1984) ...............................................12, 13, 15

*United States v. Blick*,
    408 F.3d 162 (4th Cir. 2005) ..........................................................................14

*United States v. Carthorne*,
    878 F.3d 458 (4th Cir. 2017) .......................................................12, 13, 14, 15

*United States v. Faulls*,
    821 F.3d 502 (4th Cir. 2016) ..........................................................................12

*United States v. Gomez-Jimenez*,
    750 F.3d 370 (4th Cir. 2014) ...................................................................11, 14

*United States v. Hall*,
    551 F.3d 257 (4th Cir. 2009) ..........................................................................12

*United States v. Hargrove*,
    701 F.3d 156 (4th Cir. 2012) ....................................................11, 14

*United States v. King*,
    119 F.3d 290 (4th Cir. 1997) .........................................................15

*United States v. Rangel*,
    781 F.3d 736 (4th Cir. 2015) .........................................................14

*United States v. Williams*,
    977 F.2d 866 (4th Cir. 1992) .........................................................15

## CONSTITUTIONAL PROVISION

U.S. CONST. amend. VI ...................................................................12

## STATUTES

18 U.S.C. § 2 .........................................................................*passim*

18 U.S.C. § 922(g)(1)..............................................................*passim*

18 U.S.C. § 922(j) ...................................................................*passim*

18 U.S.C. § 924 ......................................................................1, 2, 3

18 U.S.C. § 924(a)(2)................................................................8, 15

18 U.S.C. § 924(c)(1)(A)(i) .............................................................11

18 U.S.C. § 2119(2) ................................................................*passim*

18 U.S.C. § 3553(a) ...................................................................9, 10

18 U.S.C. § 3742(a) ........................................................................2

28 U.S.C. § 1291 .............................................................................2

28 U.S.C. § 2255..............................................................................15

## UNITED STATES SENTENCING GUIDELINES

U.S.S.G. § 3A1.1(b)(1) ........................................................................9, 13

U.S.S.G. § 3C1.1 ...............................................................................9, 13

U.S.S.G. Sentencing Table ...................................................................15

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4110

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY RASHAD DAWSON,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

**BRIEF FOR APPELLANT**

STATEMENT OF JURISDICTION

This is a direct appeal by a defendant in a federal criminal case from the

judgment and sentence imposed by the United States District Court for the Eastern

District of North Carolina following pleas of guilty to Aiding and Abetting a

Carjacking Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 2119(2)

and 2, Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C.

§§ 922(g)(1) and 924, and Possession of a Stolen Firearm in violation of 18 U.S.C.

§§ 922(j) and 924.

Jurisdiction was conferred upon the United States District Court pursuant to 18 U.S.C. § 2119(2), 18 U.S.C. § 2, 18 U.S.C. § 922(g)(1), 18 U.S.C. § 922(j) and 18 U.S.C. § 924. Appellate jurisdiction is conferred upon the United States Court of Appeals for the Fourth Circuit pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

The sentence was imposed by the district court on February 4, 2022. The Judgment in a Criminal Case was filed by the court on February 4, 2022. A modified Judgment was filed on February 18, 2022. Notice of appeal was filed on February 21, 2022.

## NATURE OF APPEAL

This brief is submitted to the Court pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel for the defendant-appellant has determined, after a conscientious examination of the entire record of the case, that Mr. Dawson has no meritorious grounds for appeal. Nevertheless, Mr. Dawson wishes to appeal the entry of the judgment against him due to ineffective assistance of defense counsel.

## ISSUE PRESENTED

Whether Mr. Dawson Is Entitled To Have His Guilty Pleas And Sentences Vacated Due To Ineffective Assistance Of Defense Counsel.

<u>STATEMENT OF THE CASE</u>

On October 21, 2021, Anthony Rashad Dawson appeared with counsel before a Magistrate-Judge and pled guilty pursuant to a superseding Indictment for Aiding and Abetting a Carjacking Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 2119(2) and 2, Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924, and Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j) and 924. (Doc. 34, Dkt. Entry 10/21/2021, Arraignment Hearing Tpp. 14-30). Mr. Dawson's Memorandum of Plea Agreement contained a waiver which limited his right of appeal to ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. (Doc. 103, p. 1).

On February 4, 2022, Mr. Dawson appeared before a district judge who, after a brief colloquy with Mr. Dawson, found him competent to proceed and accepted his guilty pleas pursuant to a plea agreement to aiding and Abetting a Carjacking Resulting in Serious Bodily Injury, Possession of a Firearm by a Felon and Possession of a Stolen Firearm. (Sentencing Hearing Tpp. 2-4). Mr. Dawson was sentenced to a total term of 540 months imprisonment, which consisted of 300 months for Aiding and Abetting a Carjacking Resulting in Serious Bodily Injury, 120 months for Possession of a Firearm by a Felon to run consecutively to the Carjacking count and 120 months for Possession of a Stolen Firearm to run

3

consecutively to the Possession of a Firearm by a Felon count.  Mr. Dawson was

further sentenced to a total concurrent term of 5 years of supervised release, which

consisted of 5 years of supervised release for the Carjacking count and 3 years on

the firearm counts).  (Dkt. Entry 02/04/2022).

The written Judgment in a Criminal Case was filed on February 4, 2022, and

modified on February 18, 2022, to correct the filing date.  (Doc. 124, Dkt. Entry

02/18/2022).

Notice of Appeal to this Court was timely filed on February 21, 2022.  (Doc.

126).

I.   **FACTUAL BASIS FOR MR. DAWSON'S GUILTY PLEAS**

The following information was contained in the Factual Basis in support of

Mr. Dawson's plea agreement that was presented to the Magistrate-Judge, without

objection by Mr. Dawson, (*see* Arraignment Hearing tp. 29), during the Rule 11

hearing on October 21, 2021:

> At all times relevant to the indictment Mr. Dawson was prohibited from
>
> possessing and knew that he was prohibited from possessing any firearm
>
> because he had been previously convicted of a crime punishable by more than
>
> one year in prison, specifically a 2017 conviction for unlawful possession of
>
> firearm by a felon for which he was sentenced to 22 to 36 months in prison.
>
> (Arraignment Hearing Tp. 25).

4

On Sunday, October 27, 2019, Mr. Dawson and his co-defendant, Tiera Gardner, robbed an 83-year-old man in La Grange, North Carolina, which is located within the Eastern District of North Carolina. The victim knew Gardner and she knew details about the victim's home and his life. Mr. Dawson had arrived at Ms. Gardner's home in La Grange, just a few-minute walk from the victim's residence. He was seeking assistance and hiding from law enforcement after cutting off an electronic ankle monitor. (Arraignment Hearing Tp. 25).

Ms. Gardner suggested that Mr. Dawson rob the victim. (Arraignment Hearing Tp. 25). Mr. Dawson and Ms. Gardner went to the victim's residence shortly after 4:00 a.m. and entered by cutting the screen to the open bathroom window. Their presence was recorded on local security cameras. (Arraignment Hearing Tp. 26).

The victim's daughter discovered her father on Sunday morning after he failed to attend church services. He was lying in his bedroom wearing only underwear, which his daughter indicated he had never worn to sleep and suggested that the victim had been lured to the bedroom or distracted by Ms. Gardner to facilitate the robbery. Ms. Gardner left the victim's residence at or near the time of the assault, but Mr. Dawson did not. (Arraignment Hearing Tp. 26).

The victim had been beaten in his bed so severely that blood splattered on the ceiling and the walls around his bed. Most of the blood pooled around his head. The victim also had numerous lacerations to his head and his face, and his injuries have left him permanently disabled.  (Arraignment Hearing Tp. 26).

After the victim was incapacitated by this beating, Mr. Dawson stole among other things, the victim's 2003 Toyota Highlander, a Hisense television set, and a .32 caliber pistol. (Arraignment Hearing Tp. 26).  Mr. Dawson drove the victim's vehicle to Goldsboro where he dropped the television off with an acquaintance who later pawned it. (Arraignment Hearing Tpp. 26-27). Security cameras recorded Mr. Dawson driving the victim's Highlander and dropping off the television in the Fairview Apartments Complex in Goldsboro. At around 7:45 a.m. on Sunday, security camera footage also showed Mr. Dawson driving the Highlander to an abandoned house where it was left. Mr. Dawson was further recorded by video walking back to Fairview Apartments where he met another female on Fairview Circle in a green Nissan Altima. The female allowed the Defendant to drive her Nissan.  (Arraignment Hearing Tp. 27).

Around 9:00 a.m., an anonymous call reported a man with outstanding arrest warrants was sitting in the green Nissan Altima at Fairview Circle. Officers

responded and found Mr. Dawson sitting in the passenger seat of the green Nissan Altima and arrested him on the outstanding warrants. Law enforcement recovered the victim's .32 caliber Smith & Wesson firearm on the passenger side floorboard of the green Nissan along with a Crown Royal bag containing .32 caliber ammunition. Mr. Dawson claimed that the firearm was his.  A search of Mr. Dawson and the green Nissan also recovered the victim's Toyota Highlander keys, bank card, and cash. (Arraignment Hearing Tp. 27).

Mr. Dawson gave an unprotected statement after his arrest in which he admitted that he was a felon, that he was not supposed to have a gun and admitted to being at the victim's residence during the burglary. Mr. Dawson also made multiple jail calls in which he admitted to participating in the robbery.  One of the jail calls was to the owner of the green Nissan Altima during which Mr. Dawson described where he had abandoned the victim's vehicle and instructed her to go get his things.  In a call to his mother, Mr. Dawson said that he was at the victim's house at the time of the robbery and admitted that he took the car and gun. (Arraignment Hearing Tp. 28).

The stolen Highlander was ultimately recovered a few days later. Investigators determined that it was manufactured in Japan and therefore had been transported, shipped, or received in interstate or foreign commerce.

(Arraignment Hearing Tp. 28). The .32 caliber pistol recovered from Mr. Dawson was examined by an ATF special agent with expertise in firearms and interstate nexus who determined that it was manufactured outside the state of North Carolina, meaning that it had traveled in or affected interstate commerce. (Arraignment Hearing Tp. 28).

## II.     THE SENTENCING HEARING

Mr. Dawson appeared with counsel before the district court judge on February 4, 2022. Following a colloquy with Mr. Dawson, the district court found him to be competent and accepted his previous guilty pleas through his plea agreement for Aiding and Abetting a Carjacking Resulting in Serious Bodily Injury, Possession of a Firearm by a Felon and Possession of a Stolen Firearm.  (Sentencing Hearing Tpp. 2-4).

Mr. Dawson's Presentence Investigation Report [PSR] calculated him to be a total Offense Level 38/Criminal History Category VI offender with an advisory guideline range of imprisonment of 360 months to life, which was limited by statute to a maximum of 540 months.[1] (PSR ¶ 91). Mr. Dawson filed objections to the PSR calculations regarding a 2-level enhancement for a vulnerable victim pursuant to

---

[1] The maximum term of imprisonment for Carjacking Resulting in Serious Bodily Injury is 25 years. 18 U.S.C. §§ 2119(2) and 2. The maximum term of imprisonment for Possession of a Firearm by a Felon is 10 years. 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The maximum term of imprisonment for Possession of a Stolen Firearm is 10 years. 18 U.S.C. §§ 922(j) and 924(a)(2).

8

U.S.S.G. § 3A1.1(b)(1) and a 2-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  (Doc. 117, pp. 1-2; Doc. 120 pp. 3-10). Mr. Dawson requested in his sentencing memorandum that the district court impose a sentence pursuant to 18 U.S.C. § 3553(a) of 240 months. (Doc. 120, pp. 7-8).

The district court overruled Mr. Dawson's objections to the vulnerable victim enhancement and obstruction of judgment enhancement in the guideline calculations. (Sentencing Hearing tpp. 16, 22).

Mr. Dawson subsequently allocuted to the district court stating:

> First of all, I want to apologize to the victim's family. I'm telling y'all from my heart that I didn't assault y'all's family. I was there. I made a wrong mistake trying to get money. I'm sorry. Just believe that I never assaulted him.[2] I accept the consequences of -- I didn't do it, but I was there, so it make me part of it. I'm asking forgiveness. Y'all know like my record is bad. Y'all know from my family I do breaking and entering, but I never hurt people. I never had hurt nobody in any breaking and entering I ever done. I just want to apologize and ask the judge if you can just give me some help for that. That's it.

(Sentencing Hearing tp. 27).

The victim's granddaughter, T.L., then addressed Mr. Dawson and the court. She indicated that the family knew Mr. Dawson since he was eight years old, that he knew the victim was elderly and knew where the victim lived. (Sentencing Hearing tp. 27). The granddaughter stated:

---

[2] Mr. Dawson maintained that a "Pedro" had assaulted the victim. (Sentencing Hearing tpp. 7, 10, 13, 14).

> This assault took away my grandfather. He's not dead, but he's not there. He was doing everything on his own with the exception of paying his own bills, which my mother or my aunt took care of. He can no longer drive. He don't even know who I am. He don't know who his daughters are. He don't know where he live. He don't know his son. He doesn't even know when he has to use the bathroom. So he's here, but he's not here. It's not the same grandfather we knew.

(Sentencing Hearing tp. 128). Victim impact statements from the victim's daughter and another grandchild also were read to the district court. (Sentencing Hearing tpp. 29-33).

The Government argued for a guideline sentence of 540 months. (Sentencing Hearing tp. 34).

The district court, while considering the factors under 18 U.S.C. § 3553(a), indicated:

- The nature and circumstances of the offense were "just horrific."

- Mr. Dawson robbed the victim "with a violent intent."

- Mr. Dawson is a criminal history category VI and "a very hardened criminal" with multiple assault convictions, a "long history of committing breaking and enterings," possessing stolen properties or larceny-related conduct and did very poorly on supervision.

(Sentencing Hearing tpp. 44-45). In rejecting defense counsel's request for a downward-variant sentence, the district court noted that there was a "grave need for incapacitation in this case" and for "just punishment." (Sentencing Hearing tp. 47). The district court consequently committed Mr. Dawson to the custody of the Bureau of Prisons to be imprisoned for 300 months for Aiding and Abetting a Carjacking

Resulting in Serious Bodily Injury, a term of 120 months for Possession of a Firearm by a Felon to be served consecutively, and a consecutive term of 120 months for Possession of a Stolen Firearm resulting in a total sentence of 540 months.[3] Mr. Dawson also is subject five years of supervised release. (Sentencing Hearing tp. 48).

Furthermore, the district court announced that pursuant to *United States v. Gomez-Jimenez*, 750 F.3d 370 (4th Cir. 2014) and *United States v. Hargrove*, 701 F.3d 156 (4th Cir. 2012), that it would impose the same sentence as an alternative variant sentence if the court miscalculated the advisory guideline range. (Sentencing Hearing tp. 51).

## SUMMARY OF THE ARGUMENT

This brief is submitted to the Court pursuant to the decision rendered in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895 (1988), and *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346 (1988).

Counsel for Mr. Dawson has determined, after a conscientious examination of the entire record in this case that the Appellant has no meritorious grounds for appeal. Nonetheless, this brief is submitted to fulfill Mr. Dawson 's desire to appeal his conviction due to ineffective assistance of defense counsel.

---

[3] Pursuant to the plea agreement, the charge of Use and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) [Count Two] was dismissed.

ARGUMENT

WHETHER MR. DAWSON IS ENTITLED TO HAVE HIS
CONVICTIONS VACATED DUE INEFFECTIVE ASSISTANCE OF
DEFENSE COUNSEL.

Mr. Dawson alleges that he did not receive effective assistance of defense

counsel.

A.     Standard of Review.

When considering whether Mr. Dawson was denied effective assistance of

counsel, this Court conducts a *de novo* review.  *United States v. Faulls*, 821 F.3d

502, 507 (4th Cir. 2016); *United States v. Hall*, 551 F.3d 257, 266 (4th Cir. 2009).

B.     Discussion.

The Sixth Amendment of the Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a
> speedy and public trial, by an impartial jury of the State and district
> wherein the crime shall have been committed, which district shall have
> been previously ascertained by law, and to be informed of the nature
> and cause of the accusation; to be confronted with the witnesses against
> him; to have compulsory process for obtaining Witnesses in his favor,
> **and to have the Assistance of Counsel for his defence**.

(Emphasis added).  The Sixth Amendment guarantees the defendant in a criminal

case the right to effective assistance of counsel to help ensure that adversarial system

of criminal justice produces just results. *United States v. Carthorne*, 878 F.3d 458,

464 (4th Cir. 2017)(citing *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct.

2052 (1984)). To succeed on a claim of ineffective assistance of counsel, a defendant

must show that: (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong). *Carthorne*, at 465. Although "judicial scrutiny of counsel's performance must be highly deferential," *id*. (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029 (2000)), this Court "does not countenance 'omissions [that] were outside the wide range of professionally competent assistance.'" *Id*. (citing *Strickland*, 466 U.S. at 690). This Court evaluates "competent performance" of an attorney by "reference to the reasonableness of counsel's decisions under 'professional norms.'" *Id*. (citing *Padilla v. Kentucky*, 559 U.S. 356, 366-67, 130 S. Ct. 1473, 176 (2010)).

In Mr. Dawson's case, the record reveals that when defense counsel argued for a 240-month sentence, he raised the issues that Sentencing Guideline enhancements for a vulnerable victim under U.S.S.G. § 3A1.1(b)(1) and obstruction of justice under U.S.S.G. § 3C1.1 were not warranted. (Doc. 120 pp. 3-7; Sentencing Hearing tpp. 6-19). The district court, however, overruled Mr. Dawson's objections to the sentencing enhancements. (Sentencing Hearing tpp. 16, 22).

Counsel for Mr. Dawson also adjusted his argument, when given the district court's adverse ruling as to the Sentencing Guideline enhancements, to request that Mr. Dawson be sentenced to 336 months due to his poor upbringing and mental health issues. (Sentencing Hearing tp. 25). Given the totality of the facts and

circumstances, the record fails to show that defense counsel's performance fell below an objective standard of reasonableness. *See Carthorne*, at 465.

Assuming *arguendo* that defense counsel's performance was deficient because of some error in arguing against the 2-level Sentencing Guideline enhancements for a vulnerable victim and for obstruction of justice, it does not appear from the record that there was a "reasonable probability" that the outcome of the sentencing of Mr. Dawson would have changed. (*See United States v. Rangel*, 781 F.3d 736, 746 (4th Cir. 2015)(noting that a "reasonable probability" that the outcome of a sentencing would change is enough to show prejudice)). The district court felt that there was a "grave need for incapacitation" in Mr. Dawson's case and stated:

> This is evil. There is no other word for this behavior. Pure evil. And the sentence is going to reflect just punishment for the wrongs that you committed on October 27, 2019, and the need to protect society from you.

(Sentencing Hearing tp. 47). Furthermore, the district court stated that it would have imposed the same 540-month sentence as an alternative variant sentence pursuant to *United States v. Gomez-Jimenez*, 750 F.3d 370 (4th Cir. 2014) and *United States v. Hargrove*, 701 F.3d 156 (4th Cir. 2012), if the court had miscalculated the advisory Guideline range in any way. (Sentencing Hearing tp. 51).[4] The court then sentenced

---

[4] Even if the district court committed error, any appeal of this error is foreclosed due to Mr. Dawson's appeal waiver. *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005).

14

Mr. Dawson to a total term of 540 months imprisonment, which represented three consecutive sentences at the top of the of the Guideline range of punishment, as limited by statute, for a Total Offense Level 38/Criminal History Category VI offender.  (Sentencing Hearing tp. 48; PSR ¶ 91; U.S.S.G. Sentencing Table; 18 U.S.C. §§ 2119(2) and 2; 18 U.S.C. §§ 922(g)(1) and 924(a)(2); 18 U.S.C. §§ 922(j) and 924(a)(2)).  It therefore does not appear that any deficient performance by defense counsel prejudiced Mr. Dawson.  *See Carthorne*, at 465 (citing *Strickland*, 466 U.S. at 685, 104 S. Ct. 2052).

The record in Mr. Dawson's case does not conclusively demonstrate ineffective assistance of counsel. "[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997); *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992).

<u>CONCLUSION</u>

Undersigned counsel is presenting this *Anders* brief to the Court, having conscientiously examined the record of the case and having determined that there are no meritorious grounds for appeal.  Under the directive of the *Anders* case, undersigned counsel invites the Court to review *de novo* the entire record and all pertinent documents in this case to determine whether there are any other issues

which are not frivolous.  Undersigned counsel stands ready to brief and argue any issue so identified by the Court.

Respectfully submitted, this 25th day of May 2022.

/s/ Brian Michael Aus
BRIAN MICHAEL AUS
PO Box 1345
Durham, NC 27702
NCBN 12845
(919) 666-7690
brianauslaw@gmail.com

ATTORNEY FOR DEFENDANT-APPELLANT

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*3,468*] words.

[   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.      This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

[   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>May 25, 2022</u>                    <u>/s/ Brian Michael Aus</u>
                                                      *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 25th day of May, 2022, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

David A. Bragdon
Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina  27601
(919) 856-4530

*Counsel for Appellee*

I further certify that on this 25th day of May, 2022, I caused a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon the Appellant, at the address below:

Anthony Rashad Dawson
Register Number: 55352-056
USP HAZELTON
U.S. PENITENTIARY
P.O. Box 2000
Bruceton Mills, West Virginia  26525

*Appellant*

/s/ Brian Michael Aus
*Counsel for Appellant*